IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL DONNELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 1:25-cv-990-ECM |
| | ) | [WO] |
| UNITED INSURANCE COMPANY | ) | |
| OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

Plaintiff moves to remand this case to the Circuit Court of Houston County, Alabama. (Doc. 5). Defendant opposes the motion. (Doc. 7). Upon consideration, Plaintiff's motion is due to be GRANTED.

**I. BACKGROUND**

At root, this case concerns an insurance dispute. Plaintiff alleges that he purchased an accident insurance policy from Southern Life & Health Insurance Company in 1982, which was later assumed by Defendant. (Doc. 1-1 at 4, para. 6). "In 1983, Plaintiff suffered an accidental bodily injury that caused permanent impairment, including an open wound on his left leg that has never fully healed and has remained a recurring source of infection . . . ." (*Id.* at 4, para. 8). Since then, Defendant has acknowledged this injury by paying "benefits for hospital confinements." (*Id.* at 4, para. 9). However, Defendant has also occasionally denied coverage, "asserting that the diagnosis did not indicate accidental injury." (*Id.* at 5, paras. 10–11). For example, Plaintiff reports that Defendant denied

coverage for his 2017 and 2019 hospitalizations. (*See* docs. 8-2, 8-3).  After Plaintiff retained counsel and demanded $55,000 and $74,999.99 to resolve those claims (*see id.*), he asserts they were settled for $5,500 and $15,000, respectively (doc. 8-1 at 2).

The basis for the instant action is Defendant's denial of an April 2025 claim for the same reason—"that the diagnosis did not indicate accidental injury." (Doc. 1-1 at 5, para. 10).  After some correspondence between the parties, Plaintiff's counsel sent a demand letter to Defendant on October 22, 2025, detailing Defendant's history of similar denials. (Doc. 1-2).  He explained, with citations to legal authority, that Defendant's conduct likely constituted breach of contract and bad faith and that Defendant could be subject to punitive damages. (*See* doc. 1-2 at 3–4).  Plaintiff offered to settle the matter for $125,000. (*Id.* at 4).  Defendant evidently refused, because Plaintiff initiated this lawsuit on November 12, 2025, in state court. (Doc. 1 at 1, para. 1).

Defendant timely removed to this Court on the basis of diversity jurisdiction (*see id.* at 1), asserting that the amount in controversy exceeded $75,000 based solely on Plaintiff's October 22, 2025 demand letter (*see id.* at 2, 4–6, paras. 6, 13–15).  Plaintiff moves to remand, arguing that Defendant has failed to show by a preponderance of the evidence that the amount in controversy requirement was satisfied. (Doc. 5; *see* doc. 8). He also submitted an affidavit in which he avers that, at the time of filing this lawsuit in the state court below, he did not intend to seek recovery of more than $74,999.99. (*See* doc. 5-1 at 1).  He further swears that he "will never . . . accept more than $74,999.99 in total damages." (*Id.*). Defendant opposes the motion. (Doc. 7).

2

## II.  LEGAL STANDARD

"Federal courts are courts of limited jurisdiction.  While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  Accordingly, a "[d]efendant's right to remove and [a] plaintiff's right to choose his forum are not on equal footing." *Id.*

Because Plaintiff contested Defendant's proffered amount in controversy, this Court must find "'by the preponderance of the evidence[] that the amount in controversy exceeds' the jurisdictional threshold." *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014) (quoting *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88 (2014)).  "A court's analysis of the amount[ ]in[ ]controversy requirement focuses on how much is in controversy at the time of removal, not later." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010).  "[B]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) (alteration adopted and quotation omitted).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."); *City of Vestavia Hills*, 676 F.3d at 1313 ("[A]ll doubts about jurisdiction should be resolved in favor of remand to state court.").

### III.  DISCUSSION

Because the complaint asserts claims for an indeterminate amount of damages, the Court looks to all the relevant documents produced by the parties. *See Payne v. J.B. Hunt Transp., Inc.*, 154 F. Supp. 3d 1310, 1313 (M.D. Fla. 2016)[1] ("If the amount [in controversy] is unascertainable from the complaint, the court can look to the notice of removal and other 'evidence relevant to the amount in controversy at the time the case was removed,' including evidence submitted in response to the motion to remand." (quoting *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001))).  Since Defendant has failed to show that the amount in controversy requirement is satisfied, Plaintiff's motion to remand is due to be granted.

In his affidavit, Plaintiff unequivocally averred that "[a]t the time [he] filed this lawsuit in the Circuit Court of Houston County, Alabama, [he] did not intend to seek recovery of more than $74,999.99," and that he "will never claim, seek, or accept more than $74,999.99 in total damages in this action." (Doc. 5-1 at 1).  Because this affidavit speaks to Plaintiff's intent when the case was originally filed in state court, it is properly considered for purposes of his motion to remand. *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) ("[T]he jurisdictional facts that support removal must be judged at the time of removal, and any post-petition affidavits are allowable only if relevant to that period of time." (quotation omitted)).  Defendant attempts to resist this conclusion by arguing that Plaintiff's affidavit "seeks to modify rather than clarify the

---

[1] Here and elsewhere the Court cites nonbinding authority.  While the Court recognizes that these cases are nonprecedential, the Court nevertheless finds them persuasive.

4

amount in controversy as it existed at the time of removal." (Doc. 7 at 2).  But since Plaintiff's affidavit clearly speaks to Plaintiff's intent when he filed his complaint in state court, that argument is unavailing. (*See* doc. 5-1 at 1).

Where a complaint requests "indeterminate damages" and the plaintiff represents that he "will not accept damages" in excess of the jurisdictional limit, those representations are "give[n] great deference" and are "presume[d] . . . to be true." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807–08 (11th Cir. 2003) (emphasis omitted). Moreover, in addition to his affidavit, Plaintiff argues in his motion that "the total amount of damages sought and recoverable in this action[] . . . does not exceed $74,999.99." (Doc. 5 at 5; *accord* doc. 8 at 4 ("The Plaintiff's affidavit acts as a clarification, confirming that he did not intend to seek recovery of more than $74,999.99 at the time of filing and will never claim, seek, or accept more than that amount.")).  These representations are also entitled to great deference because Plaintiff's lawyers "are officers of this court and subject to sanctions under Federal Rule of Civil Procedure 11 for making a representation to the court for an improper purpose, such as merely to defeat diversity jurisdiction." *Federated Mut. Ins. Co.*, 329 F.3d at 808 (footnote omitted).  Plaintiff's representations cut against a finding that the amount in controversy requirement is satisfied.

Moreover, the pre-suit demand letter—Defendant's only evidence that the amount in controversy requirement *is* satisfied—is insufficient to sustain diversity jurisdiction. Though such letters "count[] for something" in the amount in controversy inquiry, *Burns*, 31 F.3d at 1097, courts also recognize that they "commonly reflect puffing and posturing," *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009).

5

Pre-suit demand letters are therefore "entitled to little weight" absent specific information to support the requested damages. *Id.*; *see Crutchfield v. State Farm Mut. Auto. Ins. Co.*, 2013 WL 616921, at *2 (M.D. Fla. 2013) (determining that the plaintiff's demand letter was "an honest assessment of damages rather than mere puffery" because it detailed, "to the penny, [the plaintiff's] medical expenses to date based on invoices and her anticipated future medical expenses").

In arguing that Plaintiff's demand letter satisfies the amount in controversy requirement, Defendant asserts that the "letter bears the hallmarks of a specific, substantive pre-suit evaluation," not "mere puffery." (Doc. 7 at 5). That is because, Defendant argues, the letter "quantified the case at $125,000," an amount that "expressly account[ed] for" the policy benefits owed for the April 2025 hospitalization as well as compensatory and punitive damages. (*Id.* at 2). The Court disagrees. Though the demand letter articulated the basis for Defendant's *liability*, it made no effort to explain the *damages* sought. The Court thus concurs with Plaintiff that the letter "offer[ed] no concrete calculation for the $125,000 figure." (Doc. 8 at 2). That sum may simply have been plucked out of thin air. The conclusion that Plaintiff's demand for $125,000 was mere posturing is further supported by the parties' settlement of Plaintiff's past two claims, both of which settled for significantly less than the amount initially demanded. (*See* doc. 8-2 at 3 (demanding $55,000); doc. 8-3 at 3 (demanding $74,999.99); doc. 8-1 at 2 (noting that those prior disputes were settled for $5,500 and $15,000, respectively)). Thus, the demand letter is insufficient to support diversity jurisdiction. *See Harkins v. Knipp*, 2025 WL 2217721, at *4 (M.D. Fla. 2025) ("While a detailed and substantiated demand letter may assist the

6

defendant in showing the amount in controversy, reference to a dollar figure without reliable evidence is not sufficient."); *Jackson*, 651 F. Supp. 2d at 1281 ("[S]ettlement offers that provide specific information to support the plaintiff's claim *for damages* suggest the plaintiff is offering a reasonable assessment of the value of his claim and are entitled to more weight." (emphasis added, alterations adopted, and quotation omitted)).[2]

The fact that Plaintiff also sought—unspecified, unquantified—punitive damages does not alter this conclusion, as a request for punitive damages without any quantification is likewise insufficient. *See White v. Regions Bank*, 2025 WL 2648249, at *3 (M.D. Ala. 2025) ("[W]hile a court must consider punitive damages in an amount in controversy inquiry when sought in a complaint, the removing defendant still must establish a dollar amount from which the court can calculate punitive damages. Failure to establish that baseline amounts to speculation, which does not establish jurisdiction." (citations omitted)). Therefore, Defendant has failed to carry its burden to show that the amount in controversy requirement is satisfied by a preponderance of the evidence.

At bottom, because it appears that subject matter jurisdiction is lacking, the Court must remand. 28 U.S.C. § 1447(c).

---

[2] For this reason, the Court disagrees with Defendant that Plaintiff's pre-suit demand letter and post-removal affidavit are in conflict. (*See* doc. 7 at 7–8). It's true that a concrete demand letter that thoroughly substantiates a plaintiff's claim for a certain amount of damages can carry more weight than a later-filed affidavit. *See Womack v. Dolgencorp, LLC*, 2022 WL 52796, at *3 (M.D. Ala. 2022) (overlooking a post-removal affidavit where the plaintiff's pre-suit demand letter "meticulously explain[ed] the nature of [the plaintiff]'s injuries *and how her injuries support*[*ed*] *damages*" in excess of the jurisdictional limit (emphasis added)). But because Plaintiff's demand letter here was (1) puffery that (2) did not properly substantiate the requested damages, it does not conflict with Plaintiff's affidavit.

## IV.  CONCLUSION

For the reasons stated, and for good cause, it is

ORDERED that Plaintiff's motion (doc. 5) is GRANTED.  This case is REMANDED to the Circuit Court of Houston County, Alabama.

DONE this 17th day of February, 2026.

                                              /s/ Emily C. Marks
                                       EMILY C. MARKS
                                       UNITED STATES DISTRICT JUDGE